UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD LEMA KUPSKY,

        Plaintiff,

v.                                                     Case No. 18-C-585

RAMELLE BLINTZ, DOOR COUNTY
ADVOCATE, and GANNETT COMPANY INC.,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint alleging that Defendants filed a false news report about him. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee, not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff is required to file a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), in order for an initial partial filing fee to be assessed. Despite direction from the Clerk, Plaintiff has failed to submit a *certified* copy of his trust account. Nevertheless, Plaintiff's uncertified

statements indicate that he is indigent. As such, the court waives the initial partial filing fee and grants Plaintiff's motion. 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges Defendant Rammelle Blintz published a false news report about him in 2014 in the Door County Advocate, which Plaintiff alleges is owned by Gannett Company. ECF No. 1

2

at 2. Plaintiff alleges he entered a not guilty plea to multiple felony charges, but Defendants reported that he entered a plea of no contest. Plaintiff alleges he asked them to correct the report but it took months for them to correct it. Plaintiff demands "$14 million" from Defendants, an apology statement, the removal of any news report about him, and to prevent Defendants from being able to report the news for three months, because that is how long it took them to respond.

### THE COURT'S ANALYSIS

The threshold issue the court must address is whether it has jurisdiction over the claim Plaintiff has asserted. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). Federal courts are courts of limited jurisdiction, which means they can only hear and decide the kinds of cases that the Constitution and Congress authorize them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Those cases include cases of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or cases based on a federal law, pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Plaintiff has not pled diversity jurisdiction and there is no indication from the pleadings that diversity jurisdiction is satisfied.

Nor has Plaintiff stated a federal claim. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's

3

right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either 'clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Ricketts*, 874 F.2d at 1180.

Plaintiff has not alleged a violation of his Constitutional rights, nor has he alleged a violation of any federal law. Plaintiff has not even referenced any federal law or the Constitution. Even with the most liberal reading of his complaint, Plaintiff alleges a claim of defamation, which arises under state law. This does not implicate federal law or the federal question doctrine, nor does this establish jurisdiction.

Thus, I find that Plaintiff has failed to allege any basis for federal subject matter jurisdiction and his claim must be dismissed. This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this   24th   day of April, 2018.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.