UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD LEMA KUPSKY,

    Plaintiff-Appellant,

v.                                         USDC Case No. 18-C-585

RAMELLE BLINTZ, et al.,

    Defendants-Appellees.

## DECISION AND ORDER

The *pro se* plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 25, 2018, the plaintiff was granted leave to proceed without prepayment of the filing fee, or *in forma pauperis*. However, by the same order, this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. On the same day, judgment was entered dismissing the action. The plaintiff appealed, and currently before the court is the plaintiff's request to proceed *in forma pauperis* on appeal.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d

215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

On appeal, Plaintiff challenges the Court's determination that Plaintiff failed to state a claim over which the Court had subject matter jurisdiction. Plaintiff argues that his complaint asserted a claim of defamation against defendants and defamation is not protect by free speech. Plaintiff argues he has stated a claim that references the Constitution.

In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d at 1026. A mere reference to the Constitution is not sufficient to grant subject matter jurisdiction to a federal court. Plaintiff's complaint arises from allegations of defamation, which is an issue of state, not federal, law. Plaintiff has not pled a basis for diversity jurisdiction. As such, the Court does not have subject matter jurisdiction over his claim. After reviewing the plaintiff's claims, in light of *Lee*, this court concludes that the plaintiff's appeal should be certified as not having been taken in good faith because no reasonable person could conclude that the claims advanced by the plaintiff have any merit. Thus, the plaintiff's request to proceed *in forma pauperis* on appeal is denied.

However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee*, 209 F.3d at 1025. The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $505.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal is hereby **DENIED** because the court certifies that such appeal is not taken in good faith**.**

**IT IS FURTHER ORDERED** that by **May 16, 2018**, the plaintiff shall forward to the Clerk of Court the sum of $505.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Green Bay, Wisconsin this   2nd   day of May, 2018.

BY THE COURT:

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court